FILED
United States Court of Appeals
Tenth Circuit

May 12, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANCES FRANE, f/k/a Frances Riley,

    Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; LAW
OFFICES OF ROBERT J. HOPP &
ASSOCIATES, LLC; ROBERT J. HOPP;
SALLY ZEMAN,

    Defendants - Appellees.

No. 15-1321
(D.C. No. 1:12-CV-00821-RM-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Frances Frane appeals the district court's grant of summary judgment in favor

of JP Morgan Chase Bank ("Chase") on her claims related to the foreclosure of her

home.  Ms. Frane does not appeal the district court's earlier dismissal of her claims

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against the other defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2007, Ms. Frane purchased a home with her former husband at 45388 Coal Creek Road, Parker, Colorado 30183. Ms. Frane executed a deed of trust in favor of Chase to purchase the property. At some point, she fell behind on her payments and defaulted on her loan obligations. As a result, Ms. Frane sought loan modification in 2009 and 2010. Around the end of 2009, she participated in a trial loan modification program that required her to make certain payments to become eligible for permanent modification. Ms. Frane made timely and correct payments for a time but later notified Chase that "she would only be able to [make] payments for $1400 until she recovered" from illness, Opening Br. at 4, which was less than the required amount. Under threat of foreclosure, Ms. Frane filed for bankruptcy under the assumption that Chase would be unable to foreclose due to an automatic stay. Nevertheless, Chase foreclosed on the property.

Under threat of eviction, Ms. Frane filed suit in the District of Colorado to overturn the foreclosure. In her complaint, Ms. Frane alleged the following causes of action: violations of the Fair Debt Collection Practices Act (FDCPA), violations of state debt collection laws, violations of the Colorado Consumer Protection Act (CCPA), conspiracy to defraud, lack of standing to foreclose, and fraud upon the court. During discovery, Ms. Frane failed to respond to requests for admissions served by Chase; the requests were thus deemed admitted under Federal Rule of Civil Procedure 36. Ms. Frane moved to withdraw the admissions, arguing that she was in

2

Florida tending to her sick father when they were served, but the district court denied the motion, noting that Ms. Frane "made no showing that withdrawing her admissions would advance the presentation of merits of her case." R. at 419. Armed with these admissions, Chase moved for summary judgment.

The magistrate judge recommended granting summary judgment for Chase and dismissing Ms. Frane's claims, and the district judge accepted the recommendations. Specifically, the district court dismissed both the federal and state-law debt collection claims because Chase, having obtained the debt when it was not in default, is not a "debt collector" under the statute. The court held that Ms. Frane's allegations regarding CCPA violations, civil conspiracy, and fraud upon the court were vague and conclusory. As to lack of standing to foreclose, the court noted that Ms. Frane admitted she obtained the loan from Chase, failed to make the required payments, and that Chase is the holder of the deed of trust.

On appeal, Ms. Frane challenges the district court's summary judgment grant and ruling on her motion to withdraw her admissions. Ms. Frane argues that she did not default on her loan. She also maintains that Chase's lawyers purposefully served the requests for admission to her Colorado address when they knew she was in Florida tending to her sick father. In essence, Ms. Frane contends that, without the admissions that were obtained surreptitiously, Chase would have been unable to obtain summary judgment.

We agree with the district court's decision and find Ms. Frane's claims of error without merit. While Ms. Frane contends she did not default on her obligations, she

3

admits in the same brief that she notified Chase she would unilaterally reduce her payments during the pendency of an illness. Opening Br. at 4. Thus, she concedes default. With regard to the admissions, Ms. Frane's lamentations are attributable to the hazards inherent in proceeding without the assistance of counsel. The progression of her case in Colorado did not stop or otherwise pause while she traveled to Florida. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that while pro se litigants are held to a less stringent standard, they must "follow the same rules of procedure that govern other litigants"). It is not unscrupulous or in any way improper for Chase's attorneys to serve discovery requests on Ms. Frane at her home address listed with the court. Further, though she claims on appeal that there were numerous text-only orders issued by the court that she never received due to her lack of PACER access, the docket reflects that she was mailed all entries, paperless or not.

After carefully reviewing the district court's orders and the record on appeal, we conclude that the issues raised by Ms. Frane were correctly analyzed. Accordingly, we affirm for substantially the same reasons given by the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4